UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PATRICK NEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES F. NEAL, et al.,<br><br>    Defendants. | No. 2:24-cv-1902 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a Texas state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. Factual Allegations of the Complaint

The complaint alleges defendants Charles F. Neal and Charles O. Neal, private individuals, committed fraud. ECF No. 1. In 1985, when plaintiff was a child, Charles O. Neal became his guardian and took custody of him, and Charles F. Neal later forged a document to change plaintiff's designated power of attorney from Charles O. Neal to himself and named himself the executor of plaintiff's estate. Id. at 3. Plaintiff states that he needs to void the power

of attorney because it has left him unable to access his account or verify his ownership of a company, and while he indicates that the violations occurred in San Francisco, the allegations of the complaint indicate that the conduct at issue occurred in San Antonio, Texas and Mobile, Alabama. Id. at 1, 3.

### III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief against defendants Charles F. Neal and Charles O. Neal.

A civil action may be brought in a judicial district where any defendant resides (if all defendants are residents of the same state), a judicial district where a substantial part of the events giving rise to the claim occurred, or, if there is no district where an action may otherwise be brought, any judicial district where any defendant is subject to the court's personal jurisdiction relating to the action. 28 U.S.C.A. § 1391(b). Defendants in this case appear to be residents of San Jose, California and San Antonio, Texas, which are located in different states and neither of which is located within this district. ECF No. 1 at 2. The events giving rise to the claim appear to have occurred in San Francisco, California; San Antonio, Texas; and Mobile, Alabama, which are respectively located in the Northern District of California, Western District of Texas, and Southern District of Alabama. There is no proper relationship between this case and the Eastern District of California. While this court may transfer a case to a more appropriate venue, it declines to do so in this case because it is unclear which venue would be most appropriate and, more crucially, there appears to be no federal jurisdiction over the claims, as discussed below.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.

Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019) (alteration in original).

"A suit arises under the law that creates the cause of action," Am. Well Works v. Layne, 241 U.S. 257, 260 (1916), meaning only claims based in federal law create federal question jurisdiction. While plaintiff indicates that this suit is filed under 42 U.S.C. § 1983, § 1983 applies only to persons "acting under color of state law." Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). Plaintiff therefore does not state a cognizable claim under 42 U.S.C. § 1983 because both defendants are private individuals, and the allegations clearly demonstrate private action. Additionally, § 1983 offers relief for deprivations of federal or constitutional rights, and the putative claim arises under state law, not federal law, as it deals with a fraudulent power of attorney.

To qualify for diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity of state citizenship among the parties. Plaintiff has not presented facts suggesting an amount in controversy, and plaintiff and one defendant live in the same state (Texas), meaning there is not complete diversity, making diversity jurisdiction inapplicable.

Venue is not proper in this district and, regardless, the complaint does not meet the requirements for a suit under 42 U.S.C. § 1983 or adequately allege federal question jurisdiction or diversity jurisdiction. Because of these defects, the court will not order the complaint to be served on defendants and will instead recommend dismissal of the complaint.

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

////

////

The undersigned finds that, as set forth above, this court is not the proper venue for plaintiff's claims, it is unclear which district would be the proper venue, and even if a proper venue could be determined, it appears that any federal court would lack subject matter jurisdiction over plaintiff's claims. Given the nature of the claim and allegations presented, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V. <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because this court is not the proper court for your complaint based on where the parties live and the violations occurred, and the complaint will not be transferred to another district court because it is not clear what district would be proper and it does not appear that any district court would have jurisdiction to hear your claims.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 4, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE